**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ADRIENNE HOFFMAN,

    Plaintiff,                             CIVIL ACTION NO. 14-CV-12237

vs.                                       DISTRICT JUDGE MARIANNE O. BATTANI

                                         MAGISTRATE JUDGE MONA K. MAJZOUB

CITY OF ROYAL OAK, a Municipal
Corporation and DONALD SCHER,
in his Individual Capacity,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO LIMIT INITIAL DISCOVERY [12] DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO COMPEL [18], AND GRANTING PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER DATES [23]**

Before the Court are Defendants' Motion to Limit Initial Discovery (docket no. 12), Plaintiff's Motion to Compel (docket no. 18), and Plaintiff's Motion to Extend Scheduling Order Dates (docket no. 23.). Plaintiff filed a Response to Defendants' Motion (docket no. 15), Defendants filed a Reply (docket no. 16), and the Parties filed a Joint Statement (docket no. 17) indicating that none of their issues had been resolved with regard to Defendants' Motion. Defendant filed a Response to Plaintiff's Motion to Compel (docket no. 21), and the Parties filed a Joint Statement (docket no. 22) indicating that one of Plaintiff's issues had been resolved through an agreed-upon protective order, which has already been entered by the Court (docket no. 24). The Motions were referred to the undersigned for consideration. (Docket nos. 13, 19, and 25.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

1

**I. Background**

Plaintiff Adrienne Hoffman filed her Complaint on June 5, 2014, under 28 U.S.C. § 1983, alleging that Defendant Donald Scher, a Royal Oak police officer, violated her rights under the First and Fourteenth Amendment of the U.S. Constitution when he sprayed her with pepper spray outside of a Royal Oak bar at 1:40 a.m. on June 6, 2012. (Docket no 1. at 1-2.) Plaintiff alleges that Defendant Scher was "detaining her son" at the time of the incident and that when she approached Defendant to "inquiry why," he sprayed her in the eyes at close range. (*Id.* at 2.) Plaintiff alleges through her Count I, Deprivation of Civil Rights, that Defendant Scher's use of the pepper spray amounted to excessive force under the Fourth Amendment and that Defendant Royal Oak is liable under *Monell v. Dep't of Soc. Svcs*, 436 U.S. 658 (1978), for having "a policy or practice of engaging in the systematic deprivation of civil rights of citizens . . . by, among other things, a failure to train or supervise officers in the proper use of force including . . . use of pepper spray on unthreatening citizens." (*Id.* at 4.) Through her Count II, Plaintiff also alleges that Defendant Scher is liable for assault and battery." (*Id.* at 5-6.)

On October 13, 2014, Defendants filed their instant Motion to Limit Initial Discovery, arguing that the Court should limit initial discovery in this matter to whether Defendant Scher committed a constitutional violation because, if he did not, there can be no *Monell* claim against Defendant Royal Oak. (Docket no. 12.) Thus, any *Monell*-related discovery would be a waste of time and resources. (*Id.*) Plaintiff disagrees, and in the time since Defendants filed their Motion, Plaintiff served Defendants with her Request for Production of Documents. (*See* docket no. 15; docket no. 18-1.) Defendants objected and relied, in part, on their pending Motion to Limit Initial Discovery.) (*See* docket no. 18-1.) Plaintiff then filed her instant Motion to Compel. (Docket

no. 18.)

## II. Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34. A party receiving such a request has thirty days to respond with answers or objections. Fed.R.Civ.P. 34(b)(2)(A). If the party receiving discovery requests under Rule 34 fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

## III. Analysis

**A.      Defendants' Motion to Limit Initial Discovery**

Through their Motion, Defendants seek to initially limit Plaintiff's discovery in this matter to "the facts necessary to determine whether Defendant Scher is entitled to qualified immunity." (Docket no. 12 at 11.)   Specifically, Defendants assert that this matter turns on whether Defendant Scher violated Plaintiff's Constitutional rights.  (*See id.* at 14.)  And contrary to Plaintiff's assertion that Defendants "seek[] to peremptorily limit plaintiff's ability to undertake full discovery on the *Monell* claim" (docket no. 15 at 3), Defendants only seek to limit discovery until the qualified-immunity issue is resolved, at which time Plaintiff would be free to seek additional discovery (*see* docket no. 16 at 4).

In support of their Motion, Defendants assert that a claim of excessive force under the Fourth Amendment can only arise when such force is used during the course of a seizure. (Docket no. 12 at 15.)   That is, "the Fourth Amendment protects against only unreasonable seizures, it is not a guarantee against unreasonable or outrageous official conduct generally. Therefore, to assert a successful Fourth Amendment claim, the plaintiffs must first show that there was a seizure."  *Ewolski v. City of Brunswick,* 287 F.3d 492, 505-06 (6th Cir. 2002) (citing *Galas v. McKee*, 801 F.2d 200, 202 (6th Cir. 1986)).   Defendants allege that because Plaintiff was never seized, no Constitutional violation occurred, which means that Defendant Scher is entitled to qualified immunity and Plaintiff's *Monell* claim fails.   (Docket no. 12 at 3 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).)

In response, Plaintiff argues the merits of her excessive-force claim by asserting that she was seized during the confrontation with Defendant Scher, and she contends that she is entitled to full discovery before Defendants can file a Motion for Summary Judgment.   (Docket no. 15.)

4

But Plaintiff misinterprets Defendants' Motion. Defendants have neither moved for Summary Judgment on the *Monell* claim nor have they asked the Court to bar Plaintiff from any discovery related thereto. The question of Defendant Scher's liability is not currently before the Court, and Plaintiff will have a full opportunity to argue whether she was "seized" and whether Defendant Scher's actions were unreasonable.[1] And if, at that time, the Court determines that Defendant Scher committed a constitutional violation, or if a question of fact remains with regard to the same, Plaintiff will have an opportunity to conduct discovery related to her *Monell* claim. Any *Monell*-related discovery before that determination is made would be unnecessary and unduly burdensome in light of qualified-immunity principles. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that qualified immunity is "an immunity from suit," not just an affirmative defense); *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (discussing the principle of limited discovery in a qualified-immunity context).

Notably, under Rule 26, the Parties are expected to include in their discovery plan their "views and proposals on . . . the subjects on which discovery may be needed, when discovery should be completed, and *whether discovery should be conducted in phases or be limited to or focused on particular issues*." Fed. R. Civ. P. 26(f)(3)(B) (emphasis added). Because the parties failed to include any such proposals with regard to limited discovery in their discovery plan (*see* docket no. 9), the Court could deny Defendants' Motion on procedural grounds. *Accord*, *Craker*

---

[1] Plaintiff also asserts in response to Defendants' Motion that her Complaint included both a claim of excessive force under the Fourth Amendment and a claim of a substantive-due-process violation under the Fourteenth Amendment. Thus, she contends, her due-process claim negates Defendants' seizure argument because a seizure is not required to proceed under the Fourteenth Amendment. (Docket no. 15 at 5.) Nevertheless, even if the Court accepts Plaintiff's contention that she intended to include a due-process claim in her Complaint, such a claim still requires Plaintiff to prove an underlying constitutional violation to proceed on her *Monell* claim. Therefore, the Court finds Plaintiff's argument unpersuasive.

5

*v. State Farm Mut. Auto. Ins. Co.*, No. 11-0225, at *2 (W.D. Pa. Sept. 29, 2011) (denying a motion to conduct discovery in phases where the parties did not include such a proposal in their discovery plan and the defendant filed its motion after the original discovery deadline). Nevertheless, because the Court agrees that limited discovery is appropriate in this matter, and because Defendants filed their motion early in the discovery phase, the Court will grant Defendants' Motion. Therefore, the Court will limit discovery in this matter to any discovery relevant to the determination of whether Defendant Scher committed a constitutional violation for a period of 60 days from the date of this order, at which time Defendant will be required to file a dispositive motion related to the constitutional violation issue or this limitation will be lifted. The Court will enter a corresponding Scheduling Order concurrent with this Opinion and Order.

**B.     Plaintiff's Motion to Compel**

Plaintiff's Motion to Compel challenges Defendants' objections to her Requests for Production Nos. 1, 2, 5, and 6. (Docket no. 18.) Notably, the Parties have resolved their dispute with regard to Plaintiff's Request for Production No. 2, and in each of their other objections, Defendants reference their "pending motion to limit such discovery." (*See id.* at 5-6.) The current outstanding requests and objections are as follows:

**Request No. 1**

All written policies and documents of any kind that comprise or are part of the records of the Royal Oak Police Department, including but not limited to all written training materials, outlines, handouts, course books, brochures, posters, warnings, studies in effect as of June 6, 2012, pertaining to:

(a) Use of Force

(b) Chemical Spray

**ANSWER:**

6

**Defendants object to this Request to the extent that it protected (sic) by the executive/deliberative process privilege. Moreover, Defendants have a pending motion limit (sic) such discovery.**

### Request No. 5

Any and all documents that comprise or are part of the personnel file, including the disciplinary record, and any other documents concerning the hiring, training, duties, performance, assignments, and mental and physical condition of Defendant Donald Scher.

**ANSWER:**

**Defendants object to this Request for the reason that it is subject to the executive/deliberative process privilege, HIPAA protections and a privacy privilege of Defendant Scher. Defendants also object to the relevance of any records regarding Defendant Scher's physical and mental condition. Moreover, Defendants have a pending motion to limit such discovery.**

### Request No. 6

Please produce any and all documents concerning or at all relevant to any formal or informal complaint made against or about Defendant Donald Scher, from any source and concerning any subject matter. This includes, but is not limited to:

   a. Documents concerning all complaints and other disciplinary or police review of activities listed for Defendant Donald Scher in the file maintained by the Internal Affairs Bureau or similarly designated department.

   b. The complete documents concerning each incident listed on the disciplinary record for Defendant Donald Scher.

   c. The complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Royal Oak Police Department regarding Defendant Donald Scher.

   d. Any and all lawsuits filed against Defendant Donald Scher.

**ANSWER:**

**Defendants object to this Request for the reason that it is not relevant, burdensome, subject to the executive/deliberative process privilege, subject to attorney/client privilege, subject to the work-product privilege and subject to the privacy privilege of Defendant Scher. Moreover, Defendants have a pending motion to limit such discovery.**

7

(Docket no. 18 at 5-6.)

In light of the Court's ruling with regard to Defendants' Motion herein, any documents requested that are solely relevant to the issue of municipal liability are not discoverable at this time. Through her Motion, Plaintiff argues that "the defendant officer's history of conduct while a member of the police force prior to the incident, all other reported incidents of police abuse in the city . . . , and department rules and regulations . . . [are] all discoverable," because even "[d]ocuments that [are] not part of the direct incident [are] still relevant to the issue of municipal liability." (Docket no. 18 at 6-8 (citing *Spell v. McDaniel*, 591 F. Supp. 1090, 1115 (E.D.N.C. 1984)).) Therefore, because it appears that Plaintiff's requests are targeted at information to support her *Monell* claim, the Court will deny Plaintiff's Motion, without prejudice.

Nevertheless, to the extent that Plaintiff believes that any of her requests for production are relevant to the issue of whether Defendant Scher committed a constitutional violation, the Court expects the parties to act in accordance with the good-faith and common-sense principles of discovery:

> The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). The Court will keep these principles in mind when addressing future discovery motions in this

matter and when considering sanctions under Fed. R. Civ. P. 37(A)(5).[2] The Parties are both aware that this Court has required the production of training materials and personnel files in excessive-force cases, despite the defendants' privilege assertions, typically subject to the redaction of any personal and confidential information of officers. *See, e.g.*, *Marmelshtein v. City of Southfield*, No. 07-15063, Docket nos. 157, 168, and 203. And where documents are subject to privilege, Defendants are aware that along with assertion of privilege, they must produce a privilege log under Fed. R. Civ. P. 26(b)(5).

### C. Plaintiff's Motion to Extend Scheduling Order Dates

As discussed above, because the Court will grant Defendant's Motion to Limit Discovery, the Court will also enter a Scheduling Order reflecting the corresponding discovery periods and dispositive motion deadlines. Therefore, by implication, the Court will also grant Plaintiff's Motion to Extend Scheduling Order Dates.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Limit Initial Discovery [12] is **GRANTED**. Discovery in this matter is limited to that which is relevant to the determination of whether Defendant Scher committed a constitutional violation for a period of 60 days. The deadline for such discovery and any dispositive motions related thereto will be included in a Scheduling Order entered concurrently with this Opinion and Order.

**IT IS FURTHER ORDERED** that for the reasons discussed herein, Plaintiff's Motion to Compel [18] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Scheduling Order Dates

---

[2] The Court finds that Rule 37 costs are not appropriate at this time because the parties' positions were both substantially justified where Defendants' Motion to Limit Initial Discovery was still pending.

[23] is **GRANTED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 24, 2015          s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated: April 24, 2015          s/ Lisa C. Bartlett
                                                Case Manager